ROBERT B. MONTGOMERY v. ALMERON MONTGOMERY.

*Contract—Construction of " expenses and interest."*

John and his sister-in-law Matilda owned land together, and Matilda and her husband mortgaged her share. On foreclosure sale Robert, who had advanced money to Matilda's husband, and bought her share, subject to the mortgage, bid it in, and John thereupon contracted to buy from him the undivided share he had thus obtained. The contract as drawn, provided that Robert should sell " in consideration of one thousand dollars over and above all expenses and interest," and John was to pay " the thousand dollars and all expenses and interest as aforesaid within six months from date." *Held*, that the term "expenses and interest" did not include what Robert had advanced to Matilda's husband; the consideration was a thousand dollars in addition to what it cost, with interest, to clear the title of the mortgage.

Appeal from Ingham. (Gridley, J.) Nov. 5.—Nov. 11.

SPECIFIC performance. Defendant appeals. Affirmed.

*Huntington & Henderson* for complainant.

*Jno. M. Corbin* and *Wm. K. Gibson* for defendant.

CAMPBELL, J. Complainant's bill filed in this cause is to compel a transfer to him by defendant of certain property in Ingham county, which was held under these circumstances. In May, 1881, John Montgomery, the father of complainant,

desiring to divide a portion of his property, including lands, among his children, conveyed to complainant and to the wife of his brother Albert Montgomery, the farm in question, reserving to himself a life-estate in the farm which he might or might not choose to occupy, as he saw fit. A week or two afterwards complainant and his brother's wife, Matilda Montgomery, mortgaged the farm to George G. Dunlap for $1600, payable with eight per cent. interest, May 21, 1883.

On May 16, 1882, defendant, who is a cousin, obtained from Albert and Matilda conveyances of a parcel of land in Eaton Rapids, and of the undivided half of the farm in question, subject to half of the Dunlap mortgage and the life-estate of John Montgomery. The consideration for this transaction was the settlement of various claims and advances on account of Albert Montgomery.

In 1882 Mr. Dunlap began a foreclosure in equity, for default in payment of interest, and got a decree of sale under which the land was advertised for sale to be made August 24, 1883.

Complainant made an arrangement with Charles Hunt to bid off the property and allow him time to redeem it. But shortly after, defendant proposed to do so himself, and to sell complainant his half of the property on time, and also allow redemption of the purchase price on foreclosure. That such an arrangement was agreed on is admitted. The only dispute is concerning the price which was to be paid beyond the mortgage, for defendant's half. Complainant and defendant agree that it was to be based on what defendant had paid Albert for it. Complainant claims the sum was fixed by defendant as $1000, which he had paid Albert. Defendant claims that he had paid a considerably larger sum than that, and that complainant was to pay him $1000 extra. The answer is not very definite as to the amount to be paid beyond $1000, but fixes it in one place at from $2600 to $3000, including his share in the Dunlap mortgage, and in another place seems to intimate that complainant was to pay besides the mortgage, $1000 as the advances to Albert, and a further price of $1000 in addition.

Complainant and defendant went to Mr. Kenney to have the contract drawn, and gave him directions. He drew it as a contract of purchase and sale, whereby the defendant was to sell " in consideration of one thousand dollars over and above all expenses and interest," and complainant was to pay " the thousand dollars and all expenses and interest as aforesaid within six months from date," and if paid was to have a conveyance of quitclaim.

The dispute is concerning what was meant by expenses and interest. Defendant claims it was to include the mortgage, and the sums which his own "interests" cost him—or, in other words, all his advances to Albert. Complainant claims it was to include only such moneys and expenses as defendant should incur in clearing the title of the mortgage, with interest.

As the question resolves itself into a question of fact, we need not discuss the testimony at length. The circuit judge who heard the cause accepted complainant's theory, and ordered defendant to convey on payment of $1000, in addition to the mortgage purchase and expenses and interest, and some further outlays and liabilities incurred for taxes and in buying up John Montgomery's life-estate. Complainant does not appeal, but defendant appealed generally.

Upon a full consideration of the testimony bearing upon the agreement, we have no doubt that it was just as complainant claims it to have been, and was clear and definite, including nothing beyond $1000 for whatever title defendant then had. The written agreement was definite so far as that interest was concerned. While not pointing out just what future expenses were to be incurred in completing the title, the moneys subsequently advanced being all included in the decree, it is certainly broad enough to secure all defendant's equities. We shall not, therefore, discuss the various questions which are no more than theoretical under the pleadings.

The decree must be affirmed.

The other Justices concurred.