## STATE V. REDDINGTON.

1. When the defendant in a criminal action is convicted of the crime charged, and subsequently, on writ of error sued out by himself, procures in this court a reversal of the judgment of conviction, for errors in the charge of the trial court to the jury, he is not entitled to be discharged on the ground that he has once been put in jeopardy.

2. On a reversal of the judgment in such case, it is proper for this court to order a new trial in the court below.

(Syllabus by the Court.  Opinion filed March 4, 1896.)

Error to circuit court, Codington county. Hon. J. O. ANDREWS, Judge.

Defendant was convicted of manslaughter, and brings error. Affirmed.

The facts are stated in the opinion.

*Glass & Hanten* and *Bennett & Sheldon,* for plaintiff in error.

Defendant having been once convicted on a valid indictment, and sentenced and imprisoned, and the judgment having been reversed without motion for new trial, or motion in arrest of judgment, is entitled to be discharged under his plea of former conviction and former jeopardy for the same offense. Const. S. D., § 9, Art. VI; Rudder v. State. (Tex.), 15 S. W. 717, 1 Chitty Crim. Law, 411–414; Sperry v. Com. 9 Leigh, 623; State v. Wilson, 50 Ind. 487; State v. Summers (Minn.), 61 N. W. 907; Benedict v. State, 14 Wis. 459–464; Bish. Crim. Law, §§ 1043–1047; Smith v. State, 41 N. J. L. 598; Sheppard v. P., 25 N. Y. 406 and 418 and cases cited; Harting v. P. 26 N. Y. 197. Defendant did not waive his former jeopardy. Rudder v. State, *supra*; State v. Wilson, *supra*; State v. Sommers, *supra*; State v. Moon, 41 Wis. 84; Com. v. Fitzpatrick (Pa.), 1 L. R. A. 451; State v. Emery and Lord (Wis.), decided Jany. 7, 1896.

*Coe I. Crawford* (Attorney General), *Lee Stover* (State's Attorney), and *C. X. Seward,* for defendant in error.

Defendant by his subsequent request, and permission granted by the court to enter his plea of guilty of manslaughter in the first degree, waived any objection and exception had to the action upon his former plea. When the supreme court reverses a decision of the lower court and remands the case for a new trial upon an old indictment, no plea of jeopardy attaches, and the plea that defendant is deprived thereby of any of his constitutional rights is not available. Vol. 1, Bishop's New Crim. Procedure, § 1271; State v. Newkirk, 49 Mo. 472; Mills v. State, 52 Ind. 187; State v. Johnson, 10 La. 456; Byrd v. State, 1 How. (Miss.), 247; Peipe v. Rulloff, 5 Parker Cr. Rep., 77; State v. Updyke, 4 Herring (Del.), 581; State v. Hughes, 2 Ala. 102, 36 Am. Dec. 411; State v. Nash, 7 Ia., 347; State v. Redman, 17 Ia. 329; McGinn v. State (Neb.), 65 N. W. 46.

CORSON, P. J. At the May, 1894, term of the circuit court of Codington county, the defendant was indicted for the crime of murder; and at the November term of said court was tried and convicted thereon, and sentenced to imprisonment in the state's prison of this state for life, and, in execution of said sentence, was taken to the said prison. No motion for a new trial was made, but, a bill of exceptions having been duly settled, the defendant sued out of this court a writ of error to the circuit court of said Codington county, upon which the record was removed to this court for review. At the time said writ of error was allowed the presiding judge of this court granted a certificate of probable cause, upon which the said defendant was removed from the state's prison to the jail of said Codington county. On review of the record in this court the judgment of the circuit court was reversed, for errors in the instructions of the court, and a new trial granted, and the case remanded for further proceedings. The opinion is reported in 64 N. W. 170. Upon the case being again called for trial, the defendant interposed the following plea (omitting formal parts): "Now comes the defendant, and pleads and objects to

any further proceedings herein, on the ground that the defendant has been tried and sentenced at the November, 1894, term of this court, and has been once in jeopardy, and has not asked for a new trial herein, and has not waived his former trial and jeopardy, that the order of the supreme court ordering a new trial is of no force and effect; that the defendant, having been once in jeopardy, tried, convicted and sentenced in this court, and transmitted to the state prison at Sioux Falls, S. D., for life imprisonment, and the execution of the said sentence has commenced and is completed, and the defendant is not subject to further jeopardy, the defendant moves the court to dismiss the indictment and discharge the defendant from further custody." This plea was overruled by the court, and the motion to dismiss the indictment and discharge the defendant was denied. To these rulings of the court the defendant duly excepted. Subsequently the defendant was allowed by the court to withdraw his former plea of not guilty, and plead guilty to manslaughter in the first degree, upon which he was sentenced to imprisonment in the state's prison for a period of seven years, and under which sentence he was committed to said prison, where he now is. A second writ of error was thereupon sued out of this court by said defendant, and the record is again before us for review upon assignment of errors. The one we deem it necessary to consider is as follows: "Error to the court in refusing to dismiss the indictment and discharge the defendant on the ground of former jeopardy, and that the said defendant had been once tried and convicted, on a valid indictment, by a jury duly impaneled and sworn to try the cause; testimony having been submitted to them, the verdict having been returned, and sentence having been pronounced, and the defendant having been imprisoned under such sentence, and released from said prison by order of the supreme court."

Section 7521, Comp. Laws, under which the order for a new trial was made by this court on the former review of this case, reads as follows: "The supreme court may reverse, af-

firm or modify the judgment or order of the district court, and
may, if proper, order a new trial." It is contended by the
learned counsel for the plaintiff in error that while this court is
authorized to order a new trial on a reversal of the judgment
in a criminal action, when proper to do so, it was not author-
ized to do so in the case before us on the former writ of error,
for the reason that the defendant had not moved for a new
trial, and only demanded a reversal of the judgment for the er-
rors committed on the trial. They further contend that, when
the judgment in a criminal action is reversed upon the ground
of errors in the instructions of the court, the defendant has
been in jeopardy, and cannot, therefor, under the constitution,
be tried a second time. But, though counsel have made an
able and plausible argument in favor of their contention, we
are unable to agree with them. It is true that Mr. Bishop, in
his work on Criminal Law, takes this view, but he sustains it
by no citation of authorities (Sec. 1044); and in Sec. 999 he
frankly admits that the authorities are the other way. The
theory upon which a plea of jeopardy is sustained is that a
party has had a legal trial upon a good indictment. If he has
not had a legal trial, then the jeopardy has not attached. And
it is somewhat difficult to distinguish the difference between a
trial upon a defective indictment, and a trial in which the ver-
dict has been given under the misdirection of the court. In
both cases it is but an error in the proceedings. In
the first it is the error of the state's attorney in drawing the
indictment. In the second the error is committed by the court
in its instructions to the jury. The defendant has not been in
legal jeopardy in either case. Under our present system,
which allows to defendants in criminal prosecutions bills of ex-
ceptions and writs of error, the attempted distinction cannot be
sustained.

Mr. Wharton, in his work on Criminal Pleading and Prac-
tice (9th Ed., at page 510), lays down the law upon this sub-
ject as follows: "A conviction set aside, on the defendant's

motion, on account of erroneous ruling by the judge, is no bar to a second trial. The defendant, by setting up the position that the ruling was erroneous, is afterwards estopped from disputing this. He affirms that he was never in legal jeopardy, and that the ruling of the judge against him, putting him in jeopardy, was not law. . When he gains his point he cannot afterwards plead jeopardy. And he waives jeopardy by a motion for a new trial." It will be noticed that he states the proposition without any qualification, and he seems fully sustained by the authorities. Morrisette v. State, 77 Ala. 71; Kendall v. State, 65 Ala. 442; Cooley, Const. Lim. p. 400; McGinn v. State (Neb.), 65 N. W. 46; Bohanan v. State, 18 Neb. 57, 25 N. W. 390; Sutcliffe v. State, 18 Ohio, 469; State v. Sommers (Minn.), 61 N. W. 907. In the latter case Mr. Justice MITCHELL, speaking for the court, says: "It is true that, notwithstanding some difference of opinion as to the reason for the rule, it is now universally held that if, upon a review of the case, either in the same or another court, a verdict of guilty is, upon the motion of defendant, set aside, he may be again tried for the same offense." The fact that the defendant did not move for a new trial does not seem to us very material. He did move to have the judgment reversed for errors occurring at the trial, and, among others, the misdirection of the jury. He must be presumed to have thus moved upon the theory that he had not been legally tried, and he thereby, in effect, affirmed that he was never legally in jeopardy. The fact that the defendant had a lawful trial was deemed of the utmost importance in Shepherd v. People, 25 N. Y. 406, cited by counsel for the plaintiff in error, the headnote in that case being: "A plea of *autrefois* convict is supported by proof of a lawful trial and verdict, or confession on a sufficient indictment, though no judgment be given upon it." Our conclusion is that this court, on the former writ of error, properly ordered a new trial under the statute, and that the circuit court properly overruled defendant's motion for a dismissal of the action. The judgment of the circuit court is, in all things, affirmed.