## HARRIS *vs.* DILLARD.

[PETITION FOR REMOVAL OF EXECUTOR.]

1. *Non-residence good cause of removal.*—Under the law existing in this State before the adoption of the Code, the removal of an executor or administra tor from the State, without making a settlement of his accounts, was suffi- cient to authorize his removal from the trust ; and his continued non-resi dence, since the Code became operative, is, under its provisions, (§ 1696,) good cause of removal, although he had left the State before the Code went into effect.

2. *Bill of exceptions necessary.*—An appeal under section 1888 of the Code is required (§ 1891) to be tried on bill of exceptions ; and if the record con- tains no bill of exceptions, the appeal will be dismissed.

APPEAL from the Probate Court of Madison.

In the matter of the estate of Edward Harris, deceased, on the application of Mrs. Elizabeth D. Dillard, one of the distributees and legatees, for the removal of the execu- tor from his trust, on account of his having removed from the State more than ten years before the petition was filed, without making a settlement of his accounts, and his con- tinued non-residence. The defendant demurred to the petition, but his demurrer was overruled ; and he de- clining to say anything further in his defense, the court revoked his letters, and ordered his removal according to the prayer of the petition. These rulings of the court are now assigned as error.

WM. H. MOORE, and R. C. BRICKELL, for appellant.
ROBINSON & JONES, *contra.*

STONE, J.—We do not think the probate court of Madison erred in removing the executor in this case. The demurrer to the petition admitted the truth of its aver- ments. One of those admitted averments was, that the executor, without making settlement, had removed from the State of Alabama, and was, at the time of the exhibi-

tion of the petition, and for ten years had been, a non-resident. Under the authority of Speight v. Knight, 11 Ala. 461, this uncontroverted fact authorized the probate court of Madison to remove him, independent of the authority conferred by section 1696 of the Code.

But we think the authority was also conferred by the Code, (§ 1696.) The spirit of that section is, that an executor or administrator, becoming non-resident, may be removed from the trust. It cannot be material that the act of removal shall have taken place after the Code went into effect. Non-residence is a fact continuous in its character. Each and every day after such non-residence commenced was but a renewal of the cause of removal; and we think, under all fair construction, the fact of non-residence gave the same right to remove him from the trust, as if the act of removal had taken place after the Code became operative.

There is also another reason why this appeal cannot be maintained. It was taken under section 1888, sub-division 3, of the Code. Section 1891 declares, that such appeal must be tried on a bill of exceptions. There is in this record no bill of exceptions; and, under the authority of Turner and Wife v. Dawson, at the present term, the appeal must be dismissed.

Judgment accordingly.