# Sims *v.* Waters.

*Petition for Compulsory Settlement of Administrator's Accounts.*

1. *Jurisdiction of Probate Court, in matter of administrations.*—In the grant of letters of administration, the Probate Court derives its jurisdiction from the constitution, and is esteemed a court of general jurisdiction, whose records are not required to show affirmatively every fact upon which the rightful exercise of jurisdiction depends ; but, in the matter of the settlement of administrations, under the decisions of this court and the constitutional provisions which were of force in 1863 (but now changed), it was held a court of limited and special jurisdiction, and its records were required to show affirmatively every fact essential to the validity of its judgments and decrees.

2. *Grant of administration de bonis non.*—A vacancy in the administration, by the resignation, removal, or death of the administrator in chief, is essential to the validity of a grant of administration *de bonis non* ; but, in a collateral proceeding, such vacancy will be presumed from the grant of administration *de bonis non*, without any recital or evidence of the fact.

3. *Notice of settlement.*—Notice of an intended settlement of an administrator's accounts, whether partial or final, is required by the statutes, and was an essential element of the jurisdiction of the court in 1863 ; and it was and is requisite that the character of the settlement should conform to the notice : notice of an annual (or partial) settlement will not support a decree of final settlement.

APPEAL from the Probate Court of Butler.

In the matter of the estate of Stephen Sims, deceased, on the petition of Arthur C. Sims, one of the heirs and distributees, to compel a final settlement of the accounts of P. B. Waters, as administrator *de bonis non*. The record shows that the decedent died in 1857, and letters of administration on his estate were duly granted to R. C. Davidson, who resigned on the 29th December, 1857 ; and on the same day

[Sims v. Waters.]

letters of administration *de bonis non* were granted to said Waters, by virtue of his office as sheriff of the county ; and on the 22d November, 1858, his term of office as sheriff having expired, as the order recites, letters of administration *de bonis non* were granted to him individually. On the 2d December, 1862, said administrator " filed his accounts and vouchers for a partial settlement of said estate ;" and the court thereupon appointed " the third Monday in February next for said settlement," and ordered notice thereof to be given. On the first day of June, 1863, as to the order next copied in the transcript shows, the court proceeded to make a final settlement of his accounts and vouchers ; and he having paid into court, as the decree recites, the balances found against him, it was ordered that he be discharged ; and on the same day, as the decree further recites, letters of administration *de bonis non* were granted to J. P. Routon, by virtue of his office as sheriff. The record does not show when the petition of A. C. Sims was filed, but it was heard on the 4th September, 1877 ; and on the hearing, as the bill of exceptions shows, the court dismissed the petition ; and this decree, to which the petitioner reserved an exception, with several rulings on questions of evidence which require no notice, is now assigned as error.

J. W. Posey, and S. J. Cumming, for appellant.

Watts & Sons, and J. C. Richardson, *contra.*

BRICKELL, C. J.—It is essential to the validity of a grant of administration *de bonis non,* that the preceding administration should have become vacant, by the resignation, removal, or death of the administrator. But, an order of the Court of Probate, granting the administration, can not be collaterally impeached, because the record does not affirmatively disclose the vacancy. In the grant of administration, that court derives its jurisdiction from the constitution, and is esteemed as a court of general, rather than of limited, inferior jurisdiction : nothing is intended to be without its jurisdiction, except that which so appears specifically. The record of the Court of Probate discloses that Routon was, in the capacity of sheriff, appointed as administrator *de bonis non;* and though there may not be of file any written resignation by Waters, of his administration, nor any entry of record of the fact of his resignation, that, or his removal, is necessarily involved in the regularity of Routon's appointment, and, in all collateral proceedings, must be presumed,

to support the action of the court.—*Ikelheimer v. Chapman*, 32 Ala. 676 ; *Gray v. Cruise*, 36 Ala. 559.

Though an administrator may have resigned, or been removed, a settlement of his administration in the Court of Probate may be compelled at any time thereafter, within the period of twenty years, by any party in interest. The jurisdiction of the court, in the matter of the settlement of administrations, whether the settlement is by a continuing administrator, or by one whose authority has ceased, is derived wholly from statutes. In the exercise of such jurisdiction, it is a court of inferior, limited jurisdiction, and all its proceedings are subject to the general principle, prevailing in reference to all such jurisdictions, that the record must affirmatively disclose every fact essential to the validity of the sentence it may pronounce. A continuing administrator may make a partial, or a final settlement of his administration. Whether he makes the one or the other, notice of the day appointed for the settlement, and of its character —whether final, or partial—must be given. It is an indispensable element of the jurisdiction of the court ; and if it is not affirmatively shown by the record that it was given, the sentence the court may pronounce is void. All who rely upon the sentence or decree of the court, must show, not only that the court had jurisdiction to make such a sentence or decree, but that the necessary steps to render that jurisdiction effectual in the particular case were properly taken. 1 Smith's Lead. Cases, 2d part, 7th ed., 1132 ; *Camp v. Woods*, 10 Watts, 118.

The settlement of the administration of Waters, now relied on as a bar to the present application, had its inception in the filing by him in the Court of Probate, on the 2d day of December, 1862, "*of his account-current and vouchers for a partial settlement of said estate*," are the words of the record. The court ordered notice to be given, by publication for three successive weeks, that the third Monday in the ensuing February was the day "*set apart for said settlement*." No other proceeding seems to have been had, until the 1st day of June, 1863, when, as the record recites, "*this cause having been set for hearing on the 12th day of January, 1863, and by this court regularly continued to this day*," &c., the court proceeded to a final settlement of the administration, and rendered a decree of distribution, and of discharge of Waters as administrator. That notice of an intended annual (or partial) settlement will not authorize the Court of Probate to proceed to a final settlement, has been twice decided in this court, and is self-evident, from the statutory provisions which bound and circumscribe its jurisdiction.—*King v. Collins*,

21 Ala. 363; *Whorton v. Moragne*, 59 Ala. 641. Of what avail is the statute, which requires notice of the nature of the settlement, and of the day appointed for it, if, after notice that the settlement is intended to be partial, it can, at the mere election of the court, or of the administrator, be converted into a final settlement? There is, as to the final settlement, a want of notice ; and without notice, the court can not proceed to render decrees binding the parties in interest. A partial settlement, when founded on regular proceedings, is only *prima facie* evidence of its own correctness, throwing the laboring oar into the hands of the party impeaching it. A final settlement is, as its terms import, a conclusive determination of all the past administration—the unimpeachable evidence of its own verity, if founded on regular proceedings, in the absence of fraud. When the record of a court of limited jurisdiction discloses a want of notice of its proceedings, its judgment or decree may be assailed collaterally—it is void, furnishing no matter in bar or of protection to parties claiming under it, and may be disregarded by any court before which it may be introduced as the foundation of a complaint, or of a defense.—*Foster v. Glazener*, 27 Ala. 391 ; *Wilburn v. McCalley*, 63 Ala. 436.

We have said, the jurisdiction of the Court of Probate, in the settlement of administrations, is derived from statute, and in its exercise the court must be deemed an inferior court of limited jurisdiction, bound to disclose on its records affirmatively the facts upon which jurisdiction depends. We speak of the jurisdiction of the court, as it was defined by our decisions at the time the proceedings were had, and the decree rendered, relied on as a bar. Their validity depends upon the law then of force, and not subsequent statutory or constitutional provisions, which may have changed the character of the court, and of its jurisdiction. Under the constitution of 1868, and our present constitution, in the settlement of administrations, the court would be regarded as of general jurisdiction.—Cons. 1868, § 9, Art. 6 ; Cons. 1875, § 9, Art. 6. But, so regarding it, the record affirmatively showing the final settlement was made without notice to the parties to be affected by it, the decree would still be void.

The Court of Probate was in error, in holding the pretended final settlement of June 1st, 1863, a bar to the present application. It is unnecessary to notice the other errors assigned, as they may not arise again in the course of the future proceedings.

Reversed and remanded.