# Breeding v. Breeding.

*Application to Probate Court to revoke Letters of Special Administration.*

1. *Validity of grant of letters of administration; can not be collaterally assailed.*—Where the probate court has exercised its power to appoint an administrator of an estate (whether as administrator in chief or as special administrator), it is presumed that the court previously ascertained the existence of all the judicial facts, without which the jurisdiction could not be exercised; and the validity of its appointment can not be collaterally assailed, or questioned otherwise than in a direct proceeding.

2. *Same; probate court granting letters of special administration is not of limited jurisdiction.*—Under the provisions of the Constitution, which confers upon probate courts "general jurisdiction for the granting of letters testamentary and of administration" (Const., Art. VI, § 9), the authority to grant letters of special administration in cases requiring their issuance is included; and in the exercise of its power by granting letters of special administration, the probate court is not a court of limited jurisdiction.

APPEAL from the Probate Court of Morgan.

Heard before the Hon. WILLIAM E. SKEGGS.

William Breeding, a resident citizen of Morgan county, died on May 16, 1899, leaving an estate of real and personal property in said count. On May 18, 1899, Millard W. Breeding propounded for probate an alleged will and testament purporting to have been executed by William Breeding, deceased, wherein said Millard W. Breeding was named as one of the legatees and also as one of the executors of said will. Said application for probate was set for hearing on June 12, 1899. On that day James Breeding, a full brother of the deceased, filed his contest of said will. While this contest was pending, to-wit, on July 29, 1899, John M. Breeding, another full brother of William

Breeding, deceased, made application to the probate court for the issuance to him of letters of special administration on the personal estate of William Breeding, deceased. In the petition filed therefor, the death and place of residence of William Breeding was averred, and it was further averred that he died seized and possessed of a real and personal estate, and the value of the personal estate was also averred. The names, residences, ages and condition of the heirs and distributees of the estate were averred. The petition then continued as follows: "That the said William Breeding left no children; that your petitioner being a full brother of said deceased, an inhabitant of this State above the age of twenty-one years and in no respect disqualified under the law from serving as a special administrator and believing that said estate should be immediately administered to the end that the said property may be collected and preserved for those who shall appear to have legal right or interest therein, does therefore by virtue of his right under the statute, pray that your Honor will grant letters of special administration to John M. Breeding on the estate of William Breeding upon his entering into said bond in such sum as is required by the statute and with such security or securities as shall be approved by your Honor." On July 29, 1899, the same day that the petition was filed, there was a decree rendered which, after setting out the residence and death of William Breeding and the pendency of the contest of his alleged will and the existence of an estate consisting of real and personal property, then continued as follows: "That it is necessary to appoint a special administrator to collect and preserve the assets of said deceased and no person having appeared to oppose the granting of letters of administration to the said John M. Breeding, or to show cause why the prayer of said petitioner should not be granted, it is ordered that the same be granted, provided that the said John M. Breeding first file in this court his bond in the penal sum of five hundred dollars, conditioned and payable according to the statute in such cases made and pro-

vided with such security or securities as may be approved by the court."

This decree, after further reciting that John M. Breeding had presented a bond as required by said court, and that the same had been approved, ordered that special letters of administration on the estate of the deceased be granted to said John M. Breeding. On July 31, 1899, the said Millard W. Breeding filed his petition in the probate court praying for a revocation of the letters of special administration issued to John M. Breeding. In this petition Millard W. Breeding averred that he "was the natural son of William Breeding, deceased." After averring the issuance of the special letters of administration to John M. Breeding, the petition then continued as follows: "Said letters of administration were granted upon statements made to your Honor that are entirely false, and were granted and issued without knowledge or notice to your petitioner, although it is and was well known to the petitioner therein that your orator was and is a son of said deceased, one of his legatees, and interested in the distribution of said estate. Your orator had no hearing before your Honor about the granting of said letters of administration to said John M. Breeding. Your orator humbly prays that said letters of administration issued to the said John M. Breeding be revoked upon the following grounds: 1. Orator had no notice of the application for said letters nor hearing upon the same, or notice of the issuance thereof. Orator avers that he is the proponent of the last will and testament of William Breeding, deceased, which is now pending in your Honor's court, which was well known to said John M. Breeding at the time he applied for letters of administration. 2. No sufficient facts were set forth authorizing the grant of said letters of administration to said John M. Breeding. 3. The alleged facts as set forth in the petition of said John M. Breeding praying for the grant of letters to him were and are untrue. 4. The letters of administration granted to said John M. Breeding, while intended to be special letters of administration, are in

law and in fact letters of general administration, authorizing the said John M. Breeding to administer the estate of William Breeding, deceased. 5. This court had no authority in law to grant to said John M. Breeding, as special administrator, authority to administer upon and to take charge of the land belonging to the estate of William Breeding, deceased. 6. Said letters were improvidently granted in this: No necessity for the grant of said letters were sufficiently shown to exist before the same were granted. 7. During the pendency of the contest of the probate of the last will and testament of William Breeding, in this court, your Honor was without jurisdiction to appoint a general administration for the estate of said William Breeding. 8. Because the letters as granted went beyond the petition of John M. Breeding. 9. Because your Honor had no authority in law to appoint a special administrator for the collection of the rent of the lands of said William Breeding, deceased, for three years to come."

· The prayer of the petition was that the letters of special administration theretofore issued to John M. Breeding be revoked an cancelled. On the hearing of this petition there was introduced in evidence various petitions that had been filed in the probate court relative to the admisistration of the estate of William Breeding and the decrees rendered thereon, as set forth above. There was also introduced in evidence the will which was propounded for probate and contest thereof as filed in he probate court. It was admitted on the trial that no notice of any kind was given to Millard W. Breeding of the application for special letters of administration to John M. Breeding.

Upon the introduction of Millard W. Breeding, he testified that he was the natural son of William Breeding, deceased; was one of the persons named in the will of said William Breeding as a legatee and as one of the executors, and that he had propounded the said will for probate. On cross-examination he stated that his mother was a negro woman.

[Breeding v. Breeding.]

Upon the hearing of all the evidence the court rendered a decree denying the petition of Millard W. Breeding for the revocation of letters of special administration issued to John M. Breeding, and ordering said petition dismissed. From this decree Millard W. Breeding appeals; and assigns the rendition thereof as error.

Russell, Lynnne & Sample and O. Kyle, for appellant.—This is a direct proceeding to remove a special administrator. It is respectfully contended for appellant that the probate court of Morgan county never acquired jurisdiction in this cause to appoint a special administrator. Such an administrator can only be appointed for one of the causes specified in the statute. Code, 1896, § 62; such an administrator is purely the creature of the statute; he is the mere agent or officer of the court.—*Flora v. Mennice*, 12 Ala. 836; *Erwin, Admr., v. Branch Bank*, 14 Ala. 307.

While in matters relative to administrations courts of probate are held to be courts of general jurisdiction, yet when a court of general jurisdiction has a *special authority* conferred upon it by statute, it is *quo ad hoc*, a court of limited or inferior jurisdiction.—*Gunn v. Howell*, 27 Ala. 663; *Foster v. Glazener*, 27 Ala. 391; *Wyatt's Admr'r v. Rambo*, 29 Ala. 510.

S. T. Wert and Samuel Blackwell, for appellee. The court has unlimited and unqualified jurisdiction in the selection of a special administrator, and can appoint any one who is, in the judgment of the court, competent and fit for the trust without regard to any preference given by the statute in the appointment of administrators generally.—Code, 1896, §§ 62, 78; *Espalla v. Gottschalk*, 95 Ala. 254; *Burk v. Mutch*, 66 Ala. 568; *Barclift v. Treece*, 77 Ala. 531; 1 Woerner's Am. Law of Admrs., 538, 539.

No notice was necessary, nor was any one entitled to notice of application for special letters of administration.—*James r. Adams*, 22 Howard Pr. (N. Y.) 409; 19 Am. & Eng. Ency., note 3, p. 205; Code, 1896, § 62.

The special administrator is an officer and agent of the court pending the settlement of the contest, and the rights of the parties are in no way disurbed or interfered with.—*Plowman v. Henderson*, 59 Ala. 559; *Bradley v. Broughton*, 34 Ala. 394; 1 Brickell Dig. p. 917, par. 45.

No sufficient cause is averred in the petition for the revocation of the grant of special letters of administration.—*Wheat v. Fuller*, 82 Ala. 573; Code, 1896, § 92.

TYSON, J.—The petition in this case was filed for the purpose of having the probate court revoke letters of special administration granted to the appellee. Numerous grounds were assigned in the petition, but those relied upon assert the want of jurisdiction in the court to grant the letters. These letters were granted under the authority conferred by section 62 of the Code, which is in these words: "The judge of probate may, in any contest respecting the validity of a will, or for the purpose of collecting the goods of the deceased, or in any other case in which it is necessary, appoint a special administrator, authorizing the collection and preservation by him of the goods of the deceased until letters testamentary or of administration have been duly issued."

The insistence of appellant is, that the probate court in the granting of letters of special administration is a court of limited jurisdiction. We cannot assent to this proposition. The constitution confers upon probate courts "general jurisdiction for the granting of letters testamentary and of administration and for orphans' business."—Art. VI, § 9 of Const. The authority to grant letters of special administration in cases requiring their issue, is clearly included in the power conferred upon the probate courts. And those courts derive their jurisdiction in the grant of letters of special administration as much from the constitution as they derive their jurisdiction to grant letters of general administration. We take the principle to be settled beyond all disputation, that where the probate court exercises the power to appoint an administrator of an estate, is is to be presumed that it previously ascertained the existence

of the jurisdictional fact, without which the power could not be legally exercised; and its validity is not permitted to be collaterally assailed, or questioned otherwise than in a direct proceeding."—*Burke v. Mutch*, 66 Ala. 568; *Ikelheimer v. Chapman*, 32 Ala. 676; *Barclift v. Treece*, 76 Ala. 528; *Gray v. Cruise*, 36 Ala. 559; *Wolffe v. Eberlein*, 74 Ala. 99.

The objection sought to be enforced against the validity of the appointment in the case under consideration, goes to the averments of the petition made the basis of the order; the theory evidently being that it requires the filing of a petition in which the facts must be averred and this is what gives the court jurisdiction of the subject matter. In *Davis v. Swearingen*, 56 Ala. 31, this court said: "Petition for administration, although certainly a desirable practice, is not a necessary prerequisite to the validity of an appointment. Whenever administration is granted, this is *prima facie* evidence of all precedent facts to give the court jurisdiction. * * * We presume the existence of everything necessary to give validity to the appointment, which the record does not contradict."

But aside from this, the petition alleges, and the order appointing the appellee special administrator, adjudges every fact necessary to support the jurisdiction of the court under section 62 of the Code.

Affirmed.