# Smith *v.* Alexander, *et al.*

*Petition by Administrator for Sale of Lands for Payment of Debts.*

(Decided May 15th, 1906.   42 So. Rep. 29.)

1. *Administrators; Administrators de Bonis Non; Appointment; Collateral Attack.*—The administrator *de bonis non* petitioned to sell lands for distribution, whereupon grantees of decedent intervened and moved to dismiss petition on grounds that when the administrator *de bonis non* was appointed there was a duly qualified administrator in charge of the estate.  Held,

[Smith v. Alexander, et al.]

a collateral attack on the appointment of the administrator de bonis non.

2. *Same; Want of Jurisdiction; Presumptions.*—When it does not affirmatively appear of record that the person appointed administrator *de bonis non* was not a person authorized by statute to make application for appointment, although it does appear that the application for removal of the former administrator and the order removing him were made on the same day, and no citations were issued, the court in which the collateral attack is made will indulge the presumption of the existence of every thing necessary to give validity to the appointment of the administrator *de bonis non*, the appointment being made by a court of general jurisdiction of the subject matter, unless the record contradicts some jurisdictional fact or requisite.

APPEAL from Autauga Probate Court.

Heard before HON. G. S. LIVINGSTON.

Petition by McQueen Smith, as administrator de bonies non of the estate of one Rogers, deceased, for a sale of the lands of decedent for the payment of debts, in which J. L. Alexander and others, grantees of decedent, intervened, and from an order sustaining a motion to dismiss the petition, the administrator appeals.

GUNTER & GUNTER, for appellant.—Where an administrator de bonis non of an estate is appointed by a court of general and exclusive jurisdiction the presumption is that the court ascertained every preliminary essential to the exercise of its jurisdiction and no successful collateral attack can be made upon such an order except by showing on the face of the record a want of jurisdiction.—*Winter v. London,* 99 Ala. 265; *Bromberg v. Sand,* 127 Ala. 411; *Goodman v. Winter,* 64 Ala. 431; *Kling v. Connell,* 105 Ala. 590; *Henley v. Johnson,* 134 Ala. 65; *Sands v. Hickey,* 135 Ala. 326; note to *Dobler v. Strobel,* 81 Am. St. Rep. 535; 11 A. & E. Ency. of Law, 785. There was no appeal from the order and this attack is a collateral one.—*Sands v. Hickey, supra; Hanley v. Johnson, supra.*

MARKS & SAYRE, for appellee.—If there had been no legal removal of Davis the appointment of Smith was a

nullity.—§ 111, Code 1896 and authorities there cited; *Hooper v. Garber*, 57 Ala. 510. Unless Smith was the administrator of the estate the probate court was without jurisdiction to hear the petition.—*Bolen v. Hoven*, 39 So. Rep. 379. The record affirmatively shows that there was no vacancy in the office of administrator when Smith was appointed administrator de bonis non, and hence, the invalidity of such appointment can be shown on collateral attack.—*Bean v. Chapman*, 73 Ala. 140; *Allen v. Kellam*, 69 Ala. 442; *Beasley v. Howell*, 117 Ala. 499; *Bolen v. Hoven*, 39 So. Rep. 379.

DENSON, J.—It cannot be successfully contended that the attack made in this case on the proceedings and order of the probate court, with respect of the appointment of the administrator de bonis non, is not a collateral attack.—*Henley v. Johnson*, 134 Ala. 646, 32 South. 1009, 63 L. R. A. 673, 92 Am. St. Rep. 48. Being a collateral attack, the appellees can take nothing by it unless the record affirmatively shows that the court was without jurisdiction to make the appointment.—*Gray's Adm'rs v. Cruise*, 36 Ala. 559; *Henley v. Johnson*, *supra*, and authorities there cited; *Wyman v. Campbell*, 6 Port. 219, 31 Am. Dec. 677. Section 111 of the Code of 1896 is in this language: "If the sole executor, or all the executors or administrators die, resign or are removed, the probate court having jurisdiction of the estate must grant letters of administration, with the will annexed, or of the goods and chattels, rights, etc., unadministered, to the person entitled thereto, as in cases of intestacy." Section 94 of the Code of 1896 provides that application for the removal of an executor or an administrator must be in writing, verified by oath, must specify the grounds of complaint, and may be made by any creditor, legatee, devisee, heir, or distributee, or by any coexecutor, coadministrator, or the sureties or any of them. Section 95 provides that a citation (in case of residence by the administrator within the state) must be served on the administrator five days before the hearing of the complaint, and section 96 provides (in case of nonresidency of the administrator)

[Smith v. Alexander, et al.]

for three weeks' notice of the application by publication in a newspaper.

The point of attack here is that the record affirmatively shows that there was no vacancy in the administration when the appointment of the administrator de bonis non was made. This insistence is rested on the theory that the proceedings leading up to the order of removal were not in conformity to the statutes, and therefore that the court had no jurisdiction to make the order of removal. In construing the proceedings, "the rule is not that the order is void, unless the record plainly shows that the court had jurisdiction, but, on the contrary, the order must be deemed valid, unless it plainly appears that the court had not jurisdiction; and the leaning of the tribunal in which the order is collaterally assailed will be to such a construction of the record as will uphold the validity of the proceedings. The fact that the court appointed an administrator de bonis non is of itself prima facie evidence that there was a vacancy in the administration, and will be held conclusive until it is clearly and explicitly disproved."— *Gray v. Cruise, supra,* and authorities there cited. Following this rule of construction, it does not affirmatively appear from the record that McQueen Smith was not a person authorized by the statute (section 94 of the Code of 1896 ) to make the application. While it may be said that it affirmatively appears from the record that the application for the removal and the order were made on the same day and citation was not served, nor publication made, it does not follow, nor will it be presumed, on collateral attack, that the court did not have proper jurisdiction of the person of Davis; it being a court of general jurisdiction with respect to the subject-matter. —*Weaver v. Brown,* 87 Ala. 533, on page 537, 86 South. 354; *Breeding v. Breeding,* 128 Ala. 412, 30 South. 881; Freeman on Judgments (3d Ed.) §§ 124, 131. "We presume the existence of everything necessary to give validity to the appointment of the administrator de bonis non, which the record does not contradict."— *Breeding v. Breeding, supra; Winter v. London,* 99 Ala. 265, 12 South. 438; *Sands v. Hickey,* 135 Ala. 326, 33 South. 827.

[Collins v. Gillespy.]

While it may appear that Davis had left the state and never returned, it does not appear from the record that he was not represented by counsel and that citation or publication was not waived, and the judgment or order of removal was not entered by consent. Neither process or pleading is necessary to support an order or judgment by confession.—2 Brick. Dig. p. 139, §§ 117, 122. The case at bar is unlike the case of *Hooper v. Scarbrough*, 57 Ala. 510. In that case no removal order was made at all. The record simply recited that the administrator, Purifoy, was absent from the state and on this the court acted in making the appointment of the administrator de bonis non. So upon the face of the entire proceedings as presented by the record, we cannot on collateral attack hold that it is affirmatively shown that the court was without jurisdiction to make the appointment of Smith as administrator de bonis non. The judgment quashing the petition for the sale of the land is in conflict with the conclusion here reached, and it must be reversed, and the cause remanded.

Reversed and remanded.

TYSON, SIMPSON, and ANDERSON, JJ., concur.