By the terms of his last will and testament, Glenn W. Anthony appointed Marion J. Jones, Jr., as the executor of his estate and also trustee of a trust created by his will. Upon the granting of letters testamentary to Jones by the Probate Court of Russell County, the heirs of Glenn W. Anthony filed a petition for appointment of an administrator cum testamento annexo and requested that Jones be removed as executor of the Anthony estate and as trustee. The heirs alleged that Jones was unfit to serve as executor or trustee because he had been convicted of an infamous crime; he was incompetent; and had been imprisoned or sentenced to hard labor for a term of 12 months or more. After a hearing the probate court entered an order revoking the letters testamentary issued to Jones and removing him as executor. The court specifically found Jones was not a suitable person to serve as executor under Code 1975, § 43-2-290 (1). The heirs appealed the order granting letters testamentary to Jones to the Russell County Circuit Court, but the circuit court found their appeal was moot due to the prior revocation of the letters testamentary. Jones appealed the order of the probate court removing him as executor to the circuit court. The circuit court affirmed the removal of Jones as executor. The heirs subsequently petitioned the circuit court to have Jones removed as trustee pursuant to Code 1975, §19-3-211. The circuit court issued an order on March 16, 1981, removing Jones as trustee and appointing a successor trustee. Jones filed an application for reconsideration of the orders removing him as executor and trustee. The circuit court denied the application and Jones appealed to this Court.
Jones alleges the probate court erred in removing him as executor of the last will and testament of Glenn W. Anthony. The probate court based its decision on § 43-2-290 (1), which reads:
 "An administrator may be removed, and his letters revoked for his removal from the state; and an administrator or executor may be removed and his letters revoked for any of the following causes:
 "(1) Imbecility of mind; intemperance; continued sickness, rendering him incapable of the discharge of his duties; or when from his conduct or character there is reason to believe that he is not a suitable person to have the charge and control of the estate." *Page 972 
Jones claims the court abused its discretion when it declared he was not a suitable person to serve as executor of the Anthony estate.
Among the evidence presented to the probate court was the following:
 1) Conviction of Jones for violation of Code of Alabama 1940, Title 26, Section 336. He was sentenced to pay a fine of $200 plus court costs and also six months hard labor for Russell County. The hard labor was suspended on good behavior. The fine and costs had not been paid.
 2) Conviction of Jones for violation of the Code of Alabama of 1940, Title 14, Section 428. He was sentenced to pay a $500 fine plus court costs and six months hard labor for Russell County. The hard labor was suspended on good behavior. The fine and costs had not been paid.
 3) Conviction of Jones for violation of the Code of Alabama of 1940, Title 14, § 428. He was found guilty by a jury and sentenced to twelve months hard labor for Russell County. Date of the sentence was November 30, 1970. The case was appealed and affirmed.
 4) A judgment was taken against Jones by Lawyers Cooperative Publishing Company for $780 on May 21, 1979. The judgment did not appear to have been paid.
 5) An order signed April 28, 1972, by the Circuit Judge of Russell County in which the Judge said he was familiar with the general reputation of Jones in the community in which he lived and had further formed an opinion equally adverse as to his truth and veracity, under oath, which arose out of his knowledge acquired in prior cases in which Jones had been a party or a witness. The Judge went on to say that should Jones be a witness in his own behalf in any of the cases pending in the Circuit Court of Russell County, he would not be able to give Jones a fair and impartial trial and would be unable to believe Jones under oath. The Judge then recused himself from all hearings involving Jones and notified the Chief Justice of the Alabama Supreme Court to this effect.
In addition, at the circuit court hearing there was testimony by the Clerk of the Circuit Court of Russell County, that Jones owed court costs in the amount of $789.15 involving 32 cases.
Based on this evidence, we cannot say that the court abused its discretion in removing Jones as executor. There was sufficient evidence to support the court's finding that based on Jones's conduct or character, he was not a suitable person to have in charge and control of the estate.
Jones also claims error in his removal as trustee by the circuit court. The circuit court stated in its order that:
 "The Petitioners averred in their Petition that Marion J. Jones, Jr. was not a fit and proper person to serve as Trustee under the Last Will and Testament because of the provisions of Title 43, Chapter 2, Section 291, and Title 19, Chapter 3, Section 211, all of the Code of Alabama of 1975. They averred that the said Marion J. Jones, Jr. had been held in contempt of court by the Judge of Superior Court of Muscogee County, Georgia, and that he had received a sentence of twelve months hard labor for Russell County and in addition thereto had received fines in two other criminal cases in the Russell County Circuit Court. They averred that he had many law suits filed against him on the civil side of the Circuit Court of Russell County and that Judgments had been taken and filed for record in the Office of the Judge of Probate of Russell County, Alabama, and that only a few of these judgments had been paid. The Court finds that there was no testimony to the contrary regarding the payment of these judgments and further that court costs had not been paid in any of the cases filed by Mr. Jones in the Circuit Court of Russell County, except for one filed by him in 1978 against the Russell County District Attorney. *Page 973 
 "The Court also found that Marion J. Jones, Jr. had been found guilty of three criminal violations and that in one of these cases he had received a sentence of twelve months hard labor for Russell County.
 "The Court, having considered the oral testimony, and the exhibits submitted, is of the opinion and finds that the Court has jurisdiction over the parties and of the cause of action and that the Petitioners are entitled to relief prayed for in their Petition."
The removal of a trustee is a matter which rests in the discretion of the trial court and on appeal our scope of review is limited to determining whether the court has abused its discretion. In re Estate of Amason, 369 So.2d 786 (Ala. 1979). Jones cites Amason for the proposition that the removal of a trustee is a drastic action which should only be taken when the estate is actually endangered and intervention is necessary to save trust property. From an examination of the record and the order of the circuit court, we cannot say that the court abused its discretion. Based on the evidence before it, the court could reasonably have determined that Jones was an unsuitable person to execute the trust, that the estate was in danger, and that intervention was necessary to save the trust property.
Accordingly, the orders of the Probate and Circuit Courts of Russell County, removing Marion J. Jones, Jr., as the executor and trustee of the Estate of Glenn W. Anthony, are hereby affirmed.
AFFIRMED.
MADDOX, FAULKNER, EMBRY and ADAMS, JJ., concur.