On Application for Rehearing

WOODALL, Justice.
This Court’s order of November 27, 2002, denying Timothy Barnett’s petition for a writ of mandamus is withdrawn, and the following opinion is substituted therefor.
Barnett petitions this Court for a writ of mandamus, directing the trial judge to “produce and answer” a Rule 32, Ala. R.Crim. P., petition of which the trial court has no record. We deny the petition.
Barnett was convicted of capital murder on April 28, 1999; he was sentenced to life imprisonment without the possibility of parole. The Court of Criminal Appeals affirmed the conviction. Barnett v. State (No. CR-98-1915, April 21, 2000), 810 So.2d 805 (Ala.Crim.App.2000) (table).
On July 1, 2002, Barnett filed a petition for a writ of mandamus in the Court of Criminal Appeals, alleging that the trial judge had “abused his discretion by failing to rule on [his] Rule 32 petition.” On July 15, 2002, the respondent trial judge answered, stating: “The records of the Circuit Court of Autauga County have been diligently searched and the Rule 32 Petition that Mr. Barnett alleges to have filed on April 30, 2001, does not exist.” The Court of Criminal Appeals dismissed Barnett’s petition. Ex parte Barnett (No. CR-01-1954, July 19, 2002), - So.2d -(Ala.Crim.App.2002) (table). On August 1, 2002, Barnett filed in this Court a petition for a writ of .mandamus. He alleges that on April 30, 2001, he mailed a petition for postconviction relief, pursuant to Ala. R.Crim. P. 32, to the Autauga Circuit Court by placing the petition in the prison mail system at the St. Clair Correctional Facility. He did not include a copy of that petition with his filings to this Court. Apparently, it concerned certain mental evaluations relevant to his conviction. Barnett asks this Court to order the trial judge to allow him to file his Rule 32 petition nunc pro tunc as though it was filed on April 30, 2001.
Mandamus is an extraordinary writ, and will issue only when the petitioner has demonstrated that, among other things, “the respondent has an imperative duty to perform and has refused to do so.” Ex parte Flint Constr. Co., 775 So.2d 805, 808 (Ala.2000) (emphasis added); see also Ex parte Mercury Fin. Corp. of Alabama, 715 So.2d 196, 198 (Ala.1997).
With his petition, Barnett includes as exhibits his own affidavit and affidavits from three individuals who allegedly saw Barnett standing in line in the prison mail room with his Rule 32 petition. He does not provide a prison mail log or any type of receipt. Most significantly, he offers no evidence indicating that he has refiled, or has even attempted to refile, the Rule 32 petition with the circuit court. Thus, it appears that the Rule 32 petition still has not been received by or filed with the circuit court. This Court cannot grant Barnett’s requested relief — at this time— because there is no pending Rule 32 petition for this Court to direct the circuit court to treat as having been filed on April 30, 2001.
Therefore, the petitioner having failed to show that the Autauga Circuit Court has received the Rule 32 petition, or any pur *950 ported refiling of the petition, which petitioner alleges he delivered to the prison authorities on April 30, 2001, for mailing, and it appearing to the Court that the petitioner has failed to show that the circuit court has refused, upon the request of the petitioner, to treat a refiled petition as having been filed on April 30, 2001, the petition must, of necessity, be denied.
ORDER OF NOVEMBER 27, 2002, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; PETITION DENIED.
MOORE, C.J., and HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, and STUART, JJ„ concur.