Donna Hammers Toler seeks appellate review of an order of the Calhoun Probate Court denying her petition to probate a will. We hold that she is entitled to relief.
The facts are undisputed. On April 16, 2003, Claude Lehman Hammers executed a self-proving instrument purporting to be his last will. Hammers died on June 12, 2003. On July 21, 2003, Toler, the executrix designated in the document, petitioned the Calhoun Probate Court to admit the will to probate.
On August 11, 2003, although no one had challenged the petition, Probate Judge Arthur C. Murray denied it. His order stated, in pertinent part:
 "Ms. Toler, the Petitioner, has filed this Petition to have a document purporting to be the last will and testament of Claude Lehman Hammers, deceased, admitted to probate. The court in considering the Petition has examined the documents and pleadings submitted and also takes judicial notice of this court's case number 23870, involving the conservatorship of Mr. Claude Hammers. Upon consideration of the foregoing, the court finds as follows:
 "1. On May 24, 2002, in case number 23870, referenced above, the court declared CLAUDE LEHMAN *Page 78 
HAMMERS incompetent and declared the conservatorship for Mr. Hammers which is now pending in this court.
 "2. The purported last will and testament of Claude Lehman Hammers that has been submitted to this court is dated April 16, 2003, and is proper on the face of the instrument.
 "3. At the time Mr. Hammers executed the purported last will and testament, he was the subject of the above referenced conservatorship and the probate court declines, at this time, to take any testimony or other evidence on the issue of testamentary capacity.
 "4. As a result of the foregoing conservatorship being in effect on the date of the purported last will and testament, Mr. Hammers, as a matter of law, lacked testamentary capacity to execute said will."
(Some emphasis added; some emphasis omitted.)
Because the denial of the uncontested petition placed the case in a peculiar procedural posture, Toler filed both a notice of appeal (case no. 1021956) and a petition for a writ of mandamus (case no. 1021957). The relief sought in both cases is the same, namely, an order directing the probate court to "admit the last will and testament of Claude Lehman Hammers to probate." Toler's brief, at 22. Judge Murray has declined to respond to the mandamus petition or to the appeal. Thus, Toler's arguments are entirely unrebutted. We deem the appropriate relief to be a writ of mandamus.
It is well settled that a writ of mandamus will issue where the petitioner demonstrates "`(1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.'" Ex parte Fontaine Trailer Co., 854 So.2d 71, 76 (Ala. 2003) (quoting Ex parte State ex rel. C.M., 828 So.2d 291, 293
(Ala. 2002)). Toler contends that Judge Murray erred in holding, as a matter of law, that the will, although unopposed and "proper on [its] face," was invalid, solely because the testator was a protected person under a conservatorship at the time of the will's execution. We agree.
"[T]here are two standards of legal capacity — one for [conducting] `general business affairs' and one for [making] `a will.'" Queen v. Belcher, [Ms. 1020061, October 10, 2003] ___ So.2d ___, ___ (Ala. 2003) (emphasis added). The former standard is the higher of the two, id., and is the standard applicable in determining whether to appoint a conservator. Specifically, Ala. Code 1975, § 26-2A-130, provides, in pertinent part:
 "(C) Appointment of a conservator or other protective order may be made in relation to the estate and affairs of a person if the court determines that (i) the person is unable to manage property and business affairs effectively for such reasons as mental illness, mental deficiency, physical illness or disability, drugs, chronic intoxication, confinement, detention by a foreign power, or disappearance. . . ."
(Emphasis added.)
Moreover, the "the power to make a will" is excluded from those powers that may be exercised "in respect to the estate and business affairs of a protected person" by a court, Ala. Code 1975, § 26-2A-136(b)(3), or by the conservator, Ala. Code 1975, §§26-2A-152(a) and -154. Because *Page 79 
a ward thus retains testamentary authority, the conservatorship statutes clearly indicate that the ward may also retain testamentary capacity.
On the other hand, to make a valid will, a testator need only "`know his estate and to whom he wishes to give his property and understand that he is executing a will.'" Ex parte Helms,873 So.2d 1139, 1147 (Ala. 2003) (quoting Smith v. Vice,641 So.2d 785, 786 (Ala. 1994)). Indeed, "`[a] person may execute a valid will, even if he or she is not competent to transactordinary, everyday affairs.'" Id. "A determination to appoint a [conservator] is not [tantamount to] an adjudication oftestamentary capacity." Barnes v. Willis, 497 So.2d 90, 92
(Ala. 1986).
Judge Murray apparently concluded that the existence of the conservatorship precluded a finding that Hammers had testamentary capacity. That conclusion was erroneous. Because Toler has demonstrated a clear legal right to relief, a writ of mandamus shall issue, directing that the will be admitted to probate, and the question of testamentary capacity adjudicated, when — and if — the will is contested, Ala. Code 1975, §§ 43-8-190 and -199, by someone with standing to contest it. The appeal is dismissed as moot.
1021956 — APPEAL DISMISSED.
1021957 — PETITION GRANTED; WRIT ISSUED.
HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, and STUART, JJ., concur.