MOORE, Chief Justice
(concurring specially).
I concur in denying Wendell Hightower’s petition for a writ of certiorari. Effective March 13, 2014, the Alabama Legislature repealed § 13A-5-9.1, Ala.Code 1975, which provided for the filing of motions for sentence reconsideration by certain inmates, also referred to as “Kirby motions.” See Kirby v. State, 899 So.2d 968 (Ala. 2004); see also Gill v. State, 157 So.3d 881, 886 (Ala.2014) (Moore, C.J., dissent-ing)(discussing the repeal of § 13A-5-9.1).
Hightower, an inmate, filed' his. fourth motion for sentence reconsideration in May 2014, after the effective date of the repeal of § 13A-5-9.1. Therefore, his motion for sentence reconsideration was properly denied. However, Hightower alleges in his petition that he had filed a third motion for sentence reconsideration in June 2013, before the repeal of § 13A-5-9.1, and that the trial court never ruled on that motion. Hightower’s third motion for sentence reconsideration is not before us, but if, as Hightower alleges, that motion was filed before the repeal of § 13A-5-9.1 and remains pending, Hightower may still have available to him the remedy of sentence reconsideration. If the trial court has indeed not ruled on Hightower’s June 2013 motion for sentence reconsideration, then mandamus relief may be available to compel a ruling on that motion. See Ex parte Barnett, 858 So.2d 948, 949 (Ala. 2003).