STEAGALL, Justice.
Roy Blackburn died intestate in November 1991. In June 1992, James H. Blackwood was appointed as the administrator of Blackburn’s estate. Blackburn’s widow, Joyce Ruth Blackburn, subsequently petitioned the probate court to remove Blackwood as administrator. Blackwood moved to transfer the action to the circuit court, and the probate court granted his motion. Blackwood then answered Blackburn’s petition, and he also counterclaimed, seeking damages for mental and emotional distress that he claimed had been brought on by Joyce Blackburn’s attempt to remove him as administrator. After an ore tenus proceeding, the circuit court entered a judgment for Joyce Blackburn, removing Blackwood as administrator and rejecting his counterclaim. Black-wood appealed.
The record shows that after Roy Blackburn died, no one was initially appointed as administrator of his estate. Blackwood, who was not related to Roy Blackburn, testified *870 that he sought to be appointed as administrator only because his son, James David Black-wood, was planning to file a negligence action against the estate of Roy Blackburn and against certain others, and Blackwood wanted to find out whether Roy Blackburn’s estate had any assets to pay the damages his son would seek. Within months after Black-wood became the administrator, his son did file the action, and Joyce Blackburn then petitioned the probate court to remove Blackwood as administrator.
Ala.Code 1975, Section 43-2-290, sets out several grounds upon which an individual may be removed as administrator of an estate. The statute provides, in pertinent part:
“An administrator may be removed, and his letters revoked for his removal from the state; and an administrator or executor may be remoyed and his letters revoked for any of the following causes:
“(1) ... [W]hen from his conduct or character there is reason to believe that he is not a suitable person to have the charge and control of the estate.”
The issue of an individual’s fitness to serve as the administrator of an estate is left to the discretion of the trial court, and its judgment on the matter will not be reversed on appeal unless it amounts to an abuse of discretion. Jones v. McGuirt, 416 So.2d 970 (Ala.1982).
The trial court held that Blackwood’s conduct in seeking to become the administrator of Roy Blackburn’s estate solely to ferret out assets that his son could target for a recovery of damages in a separate action rendered him unsuitable to serve as administrator. Based on the record, we find no abuse of discretion in this ruling; accordingly, the trial court’s judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and INGRAM, JJ., concur.