Plaintiff-appellee, Jettie Mayo Elliott, widow of James D. Elliott, filed suit seeking construction of the will of her deceased husband and declaratory instructions as to whether or not a proportionate part of the estate taxes and the cost of administering the estate should be paid from the widow's share.
In the proceedings below, the defendants were James Bryan Elliott, Doris E. Maples, Margaret Demetria Nichols, and George Robert Elliott, all children of the deceased by a previous marriage. Central Bank of Alabama, named by the deceased as executor, was also made a party defendant. The children and the bank assert in their answers to the widow's complaint that the widow's interest under the residuary clause of the will must bear all the estate taxes, expenses of administration and debts. In its cross-claim against the children, the bank also raised the question of whether the income taxes on income reported for federal and state income tax purposes by the estate should be paid from the widow's residuary interest or from the interest of the children. In the event the court ruled in favor of the widow, the bank sought a judgment against the children for the amount of taxes, expenses and debts payable to the estate.
The facts were stipulated. James D. Elliott, a resident of Huntsville, died December 19, 1974, leaving a valid will which was duly probated on January 6, 1975. The dispositive portions of the will consisted of ITEMS 1, 2, 3 and 4, and appear, in part, as follows:
"ITEM I
 "I direct that all my just debts and funeral expenses be paid by my Executor hereinafter named as soon after my death as may be practicable.
ITEM 2
 "I give and bequeath to my beloved wife, JETTIE MAYO ELLIOTT, all my personal effects, including clothing, automobile, jewelry, China, glassware and silverware of every kind and wheresoever located, the same to be hers absolutely.
 "I make no disposition of the household furniture, fixtures or other furnishings in our home in as much as these items are the property of my wife, JETTIE MAYO ELLIOTT, the same having been given to her over the period of our married life. I authorize my Executor to honor any claim of ownership made by my wife with respect to such property and vest in my Executor full power and authority to determine the identity of property included in the foregoing.
ITEM 3
 "Over the past many years I have been in business with my son, GEORGE ROBERT ELLIOTT and I think I have been most generous to him. He is well-established and has acquired as of this date, an undivided one-half interest in and to the gin, cotton seed, warehouse, cotton poisoning and related business. Therefore, I give, devise and bequeath any business interest that I may own in the gin business at the time of my death to my other children; namely, DORIS E. MAPLES, MARGARET DEMETRIA NICHOLS, and JAMES BRYAN ELLIOTT, share and share alike.
 "If I am the owner of any interest in the partnership business operation at the time of my death, I would hope that my named beneficiaries to said interest will give my son, GEORGE ROBERT ELLIOTT, the right and privilege to acquire *Page 1094 
their interest over a period of five years. Provided, however, if a dispute arises as to the fair and reasonable price, any of said beneficiaries shall be free to sell his or her interest.
 "If at the time of my death I have contracted to sell or sold my interest in the partnership business and have any mortgage or other documents securing the proceeds due therefrom, then, in that event, I give and bequeath any remaining proceeds due therefrom to my named beneficiaries, DORIS E. MAPLES, MARGARET
DEMETRIA NICHOLS, and JAMES BRYAN ELLIOTT.
ITEM 4
 "All the rest and residue of my estate, I give, devise and bequeath as follows:
 "(a) 1/4 of the residue of my estate which is to include any interest that I may own at the time of my death in our home in Huntsville, Alabama, to my beloved wife, JETTIE MAYO ELLIOTT, absolutely and in fee simple.
 "(b) I give, devise and bequeath 3/4 of the residue of my estate in trust, to THE CENTRAL BANK OF ALABAMA, N.A. (hereinafter referred to as Trustee).
 "The trust herein created shall be held and administered by the Trustee as follows:
 "1. If my wife, JETTIE MAYO ELLIOTT, survives me, the Trustee shall pay all of the net income of the trust to my wife in quarterly or more frequent installments during her lifetime. If at anytime during such period the net income from said trust estate shall not, in the opinion of the Trustee, taking into consideration her other income from other sources, be sufficient to provide for her support and general welfare, the Trustee shall pay over to my wife such additional sum or sums out of the principal of said estate as the Trustee may deem necessary or desirable for said purposes.
 "2. Upon the death of my wife, JETTIE MAYO ELLIOTT, the Trustee shall distribute the principal and any accrued income of this trust to such person, including my wife's estate as my wife, JETTIE MAYO ELLIOTT, may direct and appoint by her Last Will and Testament. This general power of appointment shall not be deemed to have been exercised unless my wife, JETTIE MAYO ELLIOTT, makes specific references thereto in her Last Will and Testament. If she fails to exercise this power of appointment, the principal of this trust shall be paid to my children; namely, DORIS E. MAPLES, MARGARET DEMETRIA NICHOLS, and JAMES BRYAN ELLIOTT.
 "3. Upon the death of my wife, the Trustee shall be authorized to withhold distribution of any amount of property sufficient, in its judgment, to cover any liability that may be imposed on the trust for estate or other taxes until such liability is finally determined and satisfied.
 "4. It is my intent and purpose that the trust herein created shall qualify for the marital deduction. I direct that in the establishment and administration of such trust my Executor and Trustee shall not exercise any powers herein conferred on it which would disqualify such trust for the marital deduction, and that all other provisions of this will or any codicil hereto shall be subordinate to such intent and purpose. . . ." [Emphasis added.]
Based on these stipulated facts, the trial court entered its decree declaring that the share of the widow under the will of the decedent should not be charged with federal or state estate or income taxes unless all other assets of the estate are insufficient to pay the taxes; that the share of the widow should not be chargeable with the expenses of administration, absent insufficient other assets; that the share of the widow should not be chargeable with debts of the estate, absent insufficient other assets. The court also granted the bank a judgment against appellants, James Bryan Elliott, Doris E. Maples and Margaret Demetria Nichols, for all sums properly paid or payable by the bank as executor on account of federal and state estate and income taxes, expenses of administration and debts, to the extent of *Page 1095 
the value of their share of the decedent's partnership interest, less the amount of assets, other than assets passing to the widow, available to the estate with which to pay such taxes, expenses and debts.
 ISSUES
1. Whether estate taxes, state or federal, shall be a charge against the residue of the decedent's estate where the residuary devise or bequest is to the widow or in trust for the benefit of the widow.
2. Whether the trial court erred by rendering an incomplete and uncertain judgment or by failing to determine all issues among the parties.
 I
Appellants contend that absent testamentary instructions to the contrary, a residuary devise or bequest solely to the decedent's widow, or in trust for her benefit, is subject to the payment of federal and state estate taxes. Appellants contend that under Item 4 of the will, the decedent conveyed the residuary of his estate in two parts, one quarter to his widow and three quarters in trust to the bank as trustee with income to be paid to the widow. Appellants rely on Title 51, § 449 (1), Code, for the proposition that estate taxes are to be paid from the residuary. The pertinent portion of Title 51, § 449 (1) is as follows:
 "Unless the decedent directs otherwise in his will, all estate taxes, whether state or federal, payable by reason of the death of decedent, shall be paid by the executor or other personal representative out of the estate property, and shall be a charge against the residue thereof. . . ."
Appellants contend that Item 4 of the will is a residuary devise or bequest and to hold otherwise would be contrary to prior law and in direct conflict with a determination made by this court in Davis v. Davis, 289 Ala. 313, 267 So.2d 158
(1972). Appellants submit that the trial court erred in not declaring that estate taxes are to be paid from the residuary devise or bequest under Item 4. The appellee bank's position is that when the widow is the sole residuary legatee, her interest under the will must first be reduced by debts, expenses of administration and taxes. The bank contends that under the will the gift to the children under Item 3 is a specific legacy, and the gift to the widow under Item 4 is a residuary legacy. Rowev. Newman, 290 Ala. 289, 276 So.2d 412 (1972). The bank further contends that the widow elected not to dissent from the will and therefore having agreed to accept the residuary of the estate, she cannot now claim that the residuary passes to her free of estate taxes, administration expenses or debts.
The widow's main argument is that the devise or bequest by Item 4 of the will is not truly residuary. The widow concedes that Item 4 of the will contains language usually denoting or pertaining to a residuary clause in a will; however, she contends that the testator, by subordinating all other provisions of the will in Item 4, paragraph 4, created a preference in Item 4 and removed it from the residue as defined by this Court in American Mortgage Company of Scotland v. Boyd,92 Ala. 139, 9 So. 166 (1890). In effect, the widow submits that the residuary should not be charged with the decedent's debts, administration expenses or estate taxes. The widow relies on the purchaser for value theory, citing Steele, et al.v. Steele's Adm'r., 64 Ala. 438 (1879). In reply, appellants contend that Title 51, § 449 (1) places the estate tax burden on the residuary estate and the devise or bequest of the residuary to the widow in the instant case does not constitute a marital deduction gift exemption to Title 51, § 449 (1), as this Court found was present in Davis v. Davis. We cannot agree.
We affirm the judgment of the trial court.
In Davis v. Davis, 289 Ala. at page 321, 267 So.2d at page 165, this Court held:
 ". . . [T]hat when a marital deduction gift, which does not exceed the limits of the marital deduction, is granted to a widow in a will not containing directions for estate tax payments, the general rule (that all takers in the residue *Page 1096 
are to share in the payment of estate taxes) does not apply. Instead, an exception, based upon a presumption that the marital deduction gift to the widow was given with the intent to maximize the tax advantages to the estate and to maximize the benefits to the widow within the limits of the gift and the marital deduction, is created wherein the widow's share is not burdened by such tax. Of course, if the intent of the testator is otherwise, the widow's share should bear its part of the estate taxes."
Even though the testator, in Item 4, used the words "all the rest and residue of my estate" and "1/4 of the residue" and "1/4 of the residue," it is significant that in Item 4 (b)(4), the testator provided as follows:
 "It is my intent and purpose that the trust herein created shall qualify for the marital deduction. I direct that in the establishment and administration of such trust my Executor and Trustee shall not exercise any powers herein conferred on it which would disqualify such trust for the marital deduction, and that all other provisions of this Will or any codicil hereto shall be subordinate to such intent and purpose."
Since the residue left to the wife does not exceed the allowable marital deduction, and since the testator specifically stated that he intended that the gift to the widow should qualify as a "marital deduction," it would be difficult to attribute to the testator an intention that his estate should pay an increased estate tax and that his widow's distributable share should be reduced. Davis v. Davis, supra. See, also, the many cases from other jurisdictions cited inDavis.
 II
The trial court specifically decreed:
 "1. The share of the widow, Jettie Mayo Elliott, under the Last Will and Testament of James D. Elliott, shall not be charged with federal or State of Alabama estate or income taxes unless all other assets of the estate are insufficient to pay such taxes.
 "2. The share of the widow, Jettie Mayo Elliott, shall not be chargeable with the expenses of the administration of the estate unless all other assets of the estate are insufficient to pay such expenses.
 "3. The share of the widow, Jettie Mayo Elliott, shall not be chargeable with the debts of the estate unless all other assets of the estate are insufficient to pay such debts.
 "4. The Central Bank of Alabama is hereby granted judgment against the cross-defendants James Bryan Elliott, Doris E. Maples and Margaret Demetria Nichols, separately and severally, for all sums properly paid or payable by the Central Bank of Alabama as executor of the estate of James D. Elliott on account of federal and state estate and income taxes, expenses of administration and debts, to the extent of the value of such cross-defendants' share of the decedent's partnership interest which was sold by them to the defendant George Robert Elliott, less the amount of assets, other than assets passing to the widow, available to the estate with which to pay such taxes, expenses and debts."
Appellants claim that the decree is incomplete and uncertain in this respect. We cannot agree. In view of the holding by the trial judge that the testator intended that the share of the widow should not be charged with federal or state estate or income taxes, and in view of our affirmance of that decree, it appears that the trial court's determination was correct that the widow's share — "All the rest and residue" after Items 1, 2 and 3 were satisfied — should not be chargeable with the debts or the expense of administration of the estate, unless all other assets of the estate were insufficient to pay the debts and expenses. In Rowe v. Newman, 290 Ala. 289,276 So.2d 412 (1972), this Court stated:
 "The following statement in an opinion by the United States District Court for the Northern District of Alabama appears to be pertinent to the matter under consideration, to wit: *Page 1097 
 "`As previously noted Alabama has adopted the rule that, in case of insufficient assets, the loss falls first on the residuary estate, then on the specific devisees and legatees. But Alabama has also recognized an exception to this rule in the case of a widow, holding in Steele v. Steele's Administrator, 64 Ala. 438 (1879), that testamentary provisions made for the wife are to be accorded a priority over all other legatees and devisees, being right behind the claims of creditors. This holding has not been overruled, questioned, or distinguished in any succeeding reported decision of the Alabama appellate courts — at least none has been found by either party hereto or by the court in independent research. This Court is bound to conclude that under Alabama law the general bequest to Mrs. Dixon under the will was not subject to abatement on account of the other devises and legacies — and that accordingly the disclaimers by the sons did not add to the interests she was to receive under her husband's will. It may be noted that the preference given the widow in this regard by Alabama is in line with the weight of authority from other states. See Annot. 2 A.L.R.2d 607 (1948).' First National Bank of Birmingham et al. v. United States, supra, 328 F. Supp. at 1342, 1343."
In summary, even though there are factual differences between this case and the Davis case, the legal effect of what the testator did is the same. The trial court, in effect, construed the intent of the testator to minimize his taxes while concurrently maximizing his bequest to this wife. Reading his will, especially Item 4 (b)(4) of it, convinces us that the decree of the trial court carries out the testator's intent.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, SHORES and BEATTY, JJ., concur.