YATES, Presiding Judge.
On May 11, 2001, Fannie Burton sued the Teachers’ Retirement System of Alabama (“TRS”) in Jefferson County, seeking to have TRS posthumously change her deceased husband’s retirement-benefits election, alleging that a TRS employee had mistakenly typed an “X” in the wrong box on the employee-benefits form. Upon a motion for a change of venue filed by TRS, the case was transferred to Montgomery County. TRS answered Burton’s complaint and alleged that Burton had failed to state a claim upon which relief can be granted, among other things. Although the record does not contain the motion for a summary judgment, TRS apparently filed such a motion on March 15, 2002; that filing is reflected on the case action summary. The trial court set the motion for a hearing. Burton filed her opposition to TRS’s motion and submitted an affidavit on March 25. Following an ore tenus hearing, the trial court entered a summary judgment in favor of TRS; that judgment stated, in part:
“... [T]he Court is of the opinion that no material issues of fact exist which would preclude summary judgment in reference to [TRS’s] assertion of [Burton’s] now deceased husband, election of retirement benefits. This Court finds that the evidence and arguments put forth by counsel do not present questions of fact that should be resolved by a jury.”
Burton appealed.
In reviewing the disposition of a motion for summary judgment, we use the same standard the trial court used in determining whether the evidence before it presented a genuine issue of material fact and whether the movant was entitled to a judgment as a matter of law. Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988); Rule 56(c), Ala. R. Civ. P. When the movant makes a prima facie showing that no genuine issue of material fact exists, the burden then shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 *1010 (Ala.1989). Evidence is “substantial” if it is of “such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). This court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala.1990).
Burton and her deceased husband, Johnny, were married for over 30 years. According to Burton, Johnny taught automobile body repair at Shelton State Community College for approximately 18 years. In 1997, Johnny was diagnosed with lung cancer and, on the instruction of his physician, resigned from his teaching position because of disability from his failing health. Johnny died in 1998, at age 51.
Burton says that she has reviewed the member’s election of retirement benefits form her husband signed on March 18, 1998. She further stated that everything on the page was typewritten, except for Johnny’s signature. She claims that an employee of Shelton State Community College, Minnette L. Smith, who completed the form for Johnny, mistakenly selected the wrong benefit option by marking the inappropriate box on the form and that Johnny, in his weakened condition, did not notice the error.[1] Burton further states that Smith was aware of her husband’s terminal condition and that she had previously assisted Johnny when he applied for retirement in February 1998, when he listed Burton as his beneficiary.
Burton claims that Smith incorrectly marked the box beside option II, maximum retirement, on the form, instead of the box beside the option that would provide income to the retiree’s beneficiary for the beneficiary’s lifetime. She claims that any other choice would have been irrational and contrary to common sense, considering Johnny’s terminal condition.
Burton stated that her husband was very concerned with making final arrangements to take care of her before he died. She stated that she spoke with her husband after his meeting with Smith, and he told her, “I’ve taken care of you. You’ll be getting monthly checks from the State Retirement after I ‘leave.’ ”
Burton argues that § 16-25-24(b), Ala. Code 1975, requires TRS to correct the error:
“(b) Should any change or error in the records result in any member or beneficiary receiving from the retirement system more or less than he would have been entitled to receive had the records been correct, the Board of Control shall correct such error and as far as practicable shall adjust the payment in such a manner that the actuarial equivalent of the benefit to which such member or beneficiary was correctly entitled shall be paid.”
In Ex parte Employees’ Retirement System Board of Control, 767 So.2d 331, 334-35 (Ala.2000), our supreme held:
“Once a recipient has made a benefit election, however, if that election is clear on its face then ERS should be able to rely on that election.
“... When ERS receives a clear and unambiguous election-of-benefits form, we will not require ERS to look beyond the face of the form. This Court has applied this principle in cases involving other documents. This Court has stated that in interpreting a will ‘[ejxtrinsic *1011 evidence is not admissible to vary, contradict or add to the plain and unambiguous language of the will.’ This Court often has stated that it will not look beyond the four corners of an instrument unless the instrument contains latent ambiguities. Martin v. First Nat’l Bank of Mobile, 412 So.2d 250, 253 (Ala.1982).”
(Citation omitted.) Although the record does not contain a copy of the election-of-benefíts form, Burton concedes that it was unambiguous on its face.
After thoroughly reviewing the record, we find that TRS has fulfilled the deceased’s clearly stated intent from the face of the form, pursuant to Ex parte Employees’ Retirement System Board of Control. We concede that our decision in this case seems harsh and leaves Burton facing possible unknown financial hardship; however, we must follow the law set out by our supreme court, which reasoned in Ex parte Employees’ Retirement System Board of Control:
“[W]e cannot sustain a posthumous challenge to a clear, unambiguous election of retirement benefits. To permit a surprised, disappointed, or disgruntled beneficiary to change an ERS member’s retirement-benefits election that is clear on its face, after events have made the election undesirable, would wreak havoc on the retirement system.”
767 So.2d at 335. Accordingly, we affirm the trial court’s summary judgment in favor of TRS.
AFFIRMED.
THOMPSON and PITTMAN, JJ, concur.

. The box was apparently marked with a typed “X.”