PER CURIAM.
 

 Lindsey Osborn Beasley, individually and as trustee of the Joseph Waintraub Management Trust; Kourtney Osborn Naish; and Susan W. Stocks (hereinafter collectively referred to as “the respondents”) appeal from a summary judgment entered in favor of Alan M. Wells.
 
 [1]
 
 We reverse and remand.
 

 Facts and Procedural History
 

 Joseph Waintraub, the father of Wells and Stocks, died on January 21, 2007. Waintraub had executed a will in 2002 (“the will”). Among other things, the will deposited the residue of the estate into a trust, known as the Joseph Waintraub Management Trust, created contemporaneously with the will. Stocks, Beasley, and Naish are the beneficiaries of that trust. Waintraub’s wife predeceased him. A petition to probate the will was filed in the Jefferson County Probate Court on February 1, 2007. The will stated, in part, as follows:
 

 “ITEM III
 

 “DISPOSITION OF PERSONAL EFFECTS
 

 “(a) I give and devise all of my wearing apparel, jewelry, books, pictures, household furniture and furnishings, both useful and ornamental, any automobile that I may own, and all other objects of my personal use, to my wife, Faye Waintraub, absolutely, if she is living at the time of my death. There is excluded from this devise all cash on hand or on deposit, stocks, bonds, notes, evidences of debts, other choses in ac
 
 *1181
 
 tion, intangibles and all other property held for investment. In the event my said wife shall predecease me, I give and devise all of said objects of property, in equal shares, absolutely, to my children, Alan M. Waintraub[
 
 2
 
 ] and Susan W. Stocks. If either of my children should predecease me, then I give and devise said child’s share of said property to his or her then living lineal descendants, per stirpes, if any, and if none, to my other child, or to his or her then living lineal descendants if he or she should predecease me, per stirpes. In the event that my said wife and my said children should all predecease me, leaving no lineal descendants of mine surviving, then this devise shall lapse, and the aforesaid property shall become a part of the residue of my estate. I hereby vest in my said Personal Representative, hereinafter named, full power and authority to determine what objects of property are included in the foregoing description contained in this Item of my Will, and, in the event my wife shall not be living, to make such division of said objects of property among my descendants as, in the opinion of my Personal Representative, may be desirable, having due regard for the personal preferences of my descendants.”
 

 On July 3, 2007, Wells filed in the probate court a “petition for determination of share and an order that no distribution be made and for inventory of estate.” That petition asked the probate court to direct the personal representative, Regions Bank (“Regions”), to include “cash on hand or on deposit, stocks, bonds, notes, evidences of debts, other choses in action, intangibles and all other property held for investment” in the devise of “all of said objects of property, in equal shares, absolutely, to [Waintraub’s] children” in Item 111(a) of the will. Regions had determined that the “said objects of property” given to Wain-traub’s children in Item 111(a) of the will did not include Waintraub’s cash or investment property excluded by the second sentence of Item 111(a). Wells’s petition also asked the court to order Regions to file an inventory of the estate and to make no distribution of the estate until there was a final resolution concerning Wells’s share of the estate. On August 8, 2007, the respondents filed a response to Wells’s petition; Regions also filed a response that same day.
 

 On July 1, 2008, Wells moved for a summary judgment, arguing that the phrase “all of said objects of property” in the third sentence in Item 111(a) of the will is unambiguous and should be interpreted to include “all cash on hand or on deposit, stocks, bonds, notes, evidences of debts, other choses in action, intangibles and all other property held for investment,” referenced in the second sentence. On July 18, 2008, Regions moved for a summary judgment, arguing that the unambiguous meaning of the phrase “all of said objects of property” in the third sentence in Item 111(a) of the will does not include “all cash on hand or on deposit, stocks, bonds, notes, evidences of debts, other choses in action, intangibles and all other property held for investment” referenced in the second sentence and that “the express language of the will vests ‘full power and authority’ in the personal representative to determine what objects are to be included in the Item III devise of the will.” That same day, the respondents also moved for a summary judgment. Like Regions, the respondents argued that the unambiguous language of Item 111(a) of the will does not include cash or investment property in the devise of “all of said objects of property”
 
 *1182
 
 to Waintraub’s children and that the express language of Item 111(a) of the mil delegates to the personal representative “full power and authority” to determine what objects are to be included in the devise to Waintraub’s children. Additionally, the respondents argued that certain trusts, including the Joseph Waintraub Management Trust, that were controlled by Waintraub evidenced an intent to prevent Wells from inheriting any of Wain-traub’s financial assets.
 

 On February 12, 2009, the probate court entered a summary judgment in favor of Wells, holding:
 

 “After review of the Last Will and Testament of Joseph Waintraub (‘the Waintraub Will’) and its Codicils, and after oral argument, the Court finds as follows:
 

 “1. Extrinsic evidence is unnecessary to consider in this case if there is no latent ambiguity. Given the language itself, there is no ambiguity in the language of the Will and/or Codicils. As such, no extrinsic evidence submitted herein was considered in this ruling. This Court rules based on the language of the Will and/or Codicils themselves, regardless of the arguments and extrinsic evidence presented by either of the parties.
 

 “2. Item 111(a) of the Waintraub Will contains two separate devises. The first devise is to Mr. Waintraub’s wife, Faye Waintraub, and would control had Faye survived Mr. Waintraub, which she did not. The second devise is to Mr. Wain-traub’s children, Alan M. Waintraub (Wells) and Susan W. Stocks; it is the controlling devise in this case because Faye Waintraub predeceased her husband.
 

 “3. The first devise in Item 111(a), gave ‘all of [Mr. Waintraub’s] wearing apparel, jewelry, books, pictures, household furniture and furnishings, both useful and ornamental, any automobile that [Mr. Waintraub owned], and all other objects of [his] personal use’ to Faye Waintraub, if she were living at the time of Mr. Waintraub’s death. Mr. Wain-traub excluded from this devise ‘all cash on hand or on deposit, stocks, bonds, notes evidences of debts, other choses in action, intangibles and all other property held for investment.’
 

 “4. The second devise in Item 111(a) states that in the event Faye Waintraub were to predecease her husband, then Mr. Waintraub gives ‘all of said objects of property, in equal shares, absolutely to [his] children, Alan M. Waintraub (Wells) and Susan W. Stocks.’ The plain language of this devise incorporates both the ‘objects of personal use’ given to Faye Waintraub in the first devise and the cash, stocks, and other intangibles that were excluded from the devise to Ms. Waintraub by use of the phrase ‘all of said objects of property.’ The court finds that ‘all of said objects of property’ in the third sentence in Item 111(a) refers to both preceding sentences in Item 111(a) of the Last Will And Testament.
 

 “5. Mr. Waintraub gave Regions Bank, as the Personal Representative of his estate, ‘full power and authority’ to determine the objects of property contained in the categories of property devised by Item 111(a) of the Waintraub Will. Regions Bank’s authority, however, is not unlimited and cannot be exercised expressly contrary to Mr. Wain-traub’s intent as expressed by the plain language of the Waintraub Will. See, e.g.,
 
 Martin v. First Nat’l Bank of Mobile,
 
 412 So.2d 250 (Ala.1982);
 
 Elliott v. Elliott,
 
 349 So.2d 1092 (Ala.1977). Such an exercise of executory authority may
 
 *1183
 
 be challenged by a will’s beneficiaries, as Mr. Wells has done in this case.
 
 Baker v. Wright,
 
 60 So.2d 825, 832 (Ala.1952). Thus, the actions of Regions Bank as Personal Representative are not conclusive in this case.
 

 “6.
 
 Martin v. First National Bank of Mobile
 
 does not bar this Court from exercising its proper authority in this case, contrary to Respondents’ assertion that there is ‘no room for [this Court’s] construction;’ those words, as used in
 
 Martin,
 
 applied to the court’s role in deciding the meaning of the discrete phrase ‘personal property.’
 
 Martin,
 
 412 So.2d at 254. In the present case, intervening language in Mr. Waintraub’s Will, and the fact that it contains two devises, instead of only one like the Will at issue in
 
 Martin,
 
 support this Court’s ruling. This Court followed the true holdings of
 
 Martin,
 
 that extrinsic evidence is improper unless a will contains latent ambiguities, and that rules of construction cannot be applied to an unambiguous will,
 
 Martin,
 
 412 So.2d 250.
 

 “Thus, it is hereby ORDERED and ADJUDGED as follows:
 

 “1. The MOTION FOR SUMMARY JUDGMENT filed by Petitioner Alan M. Wells is GRANTED.
 

 “2. The MOTION FOR SUMMARY JUDGMENT filed by Regions Bank as Personal Representative of the Estate of Joseph Waintraub, and the WAIN-TRAUB RESPONDENTS’ MOTION FOR SUMMARY JUDGMENT filed by Lindsey Osborn Beasley, individually and as Trustee of the Joseph Waintraub Management Trust, Kourtney Osborn Naish, individually, and Susan W. Stocks, individually, on behalf of themselves in such capacities and as representatives of their minor and unborn issue, are both DENIED.
 

 “3. Mr. Wells is entitled to receive one-half of Mr. Waintraub’s ‘wearing apparel, jewelry, books, pictures, household furniture and furnishings, both useful and ornamental, any automobile that [Mr. Waintraub] may own, and all other objects of [Mr. Waintraub’s] personal use,’ and one-half of all of Mr. Wain-traub’s ‘cash on hand or on deposit, stocks, bonds, notes, evidences of debts, other choses in action, intangibles and all other property held for investment’ at the time of Mr. Waintraub’s death.
 

 “4. Regions Bank, as Personal Representative, shall make an accounting to Mr. Wells and Ms. Stocks, of all of the ‘cash on hand or on deposit, stocks, bonds, notes, evidences of debts, other choses in action, intangibles and all other property held for investment’ contained in the Estate of Joseph Wain-traub at the time of Mr. Waintraub’s death.
 

 “5. Costs of Court are hereby taxed against the estate.”
 

 (Footnote omitted.) The respondents appealed.
 

 Standard of Review
 

 In
 
 Pittman v. United Toll Systems, LLC,
 
 882 So.2d 842 (Ala.2003), this Court set forth the standard of review applicable to a summary judgment:
 

 “This Court’s review of a summary judgment is de novo.
 

 “ ‘In reviewing the disposition of a motion for summary judgment, “we utilize the same standard as the trial court in determining whether the evidence before [it] made out a genuine issue of material fact,”
 
 Bussey v. John Deere Co.,
 
 531 So.2d 860, 862 (Ala.1988), and whether the movant was “entitled to a judgment as a matter of law.”
 
 Wright v. Wright,
 
 654 So.2d 542 (Ala.1995); Rule 56(c), Ala. R. Civ.
 
 *1184
 
 P. When the movant maltes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue.
 
 Bass v. SouthTrust Bank of Baldwin County,
 
 588 So.2d 794, 797-98 (Ala.1989). Evidence is “substantial” if it is of “such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.”
 
 Wright,
 
 654 So.2d at 543 (quoting
 
 West v. Founders Life Assurance Co. of Florida,
 
 547 So.2d 870, 871 (Ala.1989)). Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant.
 
 Wilma Corp. v. Fleming Foods of Alabama, Inc.,
 
 613 So.2d 359 (Ala.1993) [overruled on other grounds,
 
 Bruce v. Cole,
 
 854 So.2d 47 (Ala.2003)];
 
 Hanners v. Balfour Guthrie, Inc.,
 
 564 So.2d 412, 413 (Ala.1990).’ ”
 

 882 So.2d at 844 (quoting
 
 Hobson v. American Cast Iron Pipe Co.,
 
 690 So.2d 341, 344 (Ala.1997)).
 

 Discussion
 

 The issue before this Court is whether the devise to Waintraub’s children of “all of said objects of property” in the third sentence in Item 111(a) of the will includes Waintraub’s “cash on hand or on deposit, stocks, bonds, notes, evidences of debts, other choses in action, intangibles and all other property held for investment” referred to in the second sentence in Item 111(a). Both Wells and the respondents contend that the language of the will is unambiguous. However, the respondents argue that the devise to Waintraub’s children in Item 111(a) includes only Wain-traub’s “wearing apparel, jewelry, books, pictures, household furniture and furnishings, both useful and ornamental, any automobile that [he] may own, and all other objects of [his] personal use,” as described in the first sentence in Item 111(a). The respondents contend that Waintraub’s intent in Item 111(a) was to make the children contingent beneficiaries of the objects Waintraub devised to his wife in the first sentence in Item 111(a). On the other hand, as the probate court held, Wells contends that Item 111(a) of the will contains two separate devises — one to Wain-traub’s wife and one to his children. Wells argues that the phrase “all of said objects of property” includes both the objects of personal use described in the first sentence in Item 111(a) and “cash on hand or on deposit, stocks, bonds, notes, evidences of debts, other choses in action, intangibles and all other property held for investment,” described in the second sentence in Item 111(a).
 

 In
 
 Cottingham v. McKee,
 
 821 So.2d 169 (Ala.2001), this Court summarized the principles of law applicable when a court is construing a will:
 

 “The Alabama Legislature has established that ‘[t]he intention of a testator as expressed in his will controls the legal effect of his dispositions.’ § 43-8-222, Ala.Code 1975. ‘In Alabama the law is well settled that “the intention of the testator is always the polestar in the construction of wills, and that the cardinal rule is to give that intention effect if it is not prohibited by law.” ’
 
 Hansel v. Head,
 
 706 So.2d 1142, 1144 (Ala.1997), quoting
 
 deGraaf v. Owen,
 
 598 So.2d 892, 895 (Ala.1992). ‘To determine the intent of a testator or testatrix, the court must look to the four corners of the instrument, and if the language is unambiguous and clearly expresses the testator’s or testatrix’s intent, then that language
 
 *1185
 
 must govern.’
 
 Born v. Clark,
 
 662 So.2d 669, 671 (Ala.1995).”
 

 821 So.2d at 171-72. Furthermore, this Court has stated: “The rule, of course, is that the intention of the testator governs the construction of a will, but if by its terms it is unambiguous there is no room for construction and it will be taken as written.”
 
 Fuller v. Nazal,
 
 259 Ala. 598, 603, 67 So.2d 806, 810 (1953).
 

 In the present case, the terms of Item 111(a) of the will are unambiguous and must be taken as written. Considering Item 111(a) as a whole, we conclude that Waintraub’s intent was not to include “cash on hand or on deposit, stocks, bonds, notes, evidences of debts, other choses in action, intangibles and all other property held for investment” in the devise of “all of said objects of property” to his children in Item 111(a) of the will. Item 111(a) is entitled “Disposition of Personal Effects.” As the Court of Appeals of Nebraska has held, “[t]he term ‘personal effects’ ordinarily designates only such property that is worn or carried about the person.”
 
 Clausen v. Columbia Nat’l Ins. Co.,
 
 1 Neb. App. 808, 811, 510 N.W.2d 399, 402 (1993) (citing
 
 In re Estate of Stengel,
 
 557 S.W.2d 255 (Mo.Ct.App.1977);
 
 In re Estate of Reitz,
 
 213 Kan. 534, 516 P.2d 909 (1973);
 
 Estate of Johnson, 5
 
 Cal.App.3d 173, 84 Cal.Rptr. 914 (1970); and
 
 Black’s Law Dictionary
 
 1143 (6th ed. 1990)). The term “personal effects” ordinarily does not include cash and property held for investment. In the second sentence in Item 111(a) of the will, Waintraub clarified what he intended to include in his personal effects by specifically stating that “cash on hand or on deposit, stocks, bonds, notes, evidences of debts, other choses in action, intangibles and all other property held for investment” are “excluded from this devise.” Waintraub did not manifest any intention in Item 111(a) of the will to include the property listed in the second sentence in any devise.
 

 Also, the property included in the first sentence in Item 111(a) is specifically described as “objects of [his] personal use.” Likewise, in the third sentence in Item 111(a), Waintraub’s children are given “objects of property.” The property excluded from the devise in the second sentence in Item 111(a) is never described as “objects.”
 

 Furthermore, Waintraub’s clearly stated intent was for the devise to his children in the third sentence in Item 111(a) of the will to take effect only “[i]n the event [his] said wife shall predecease [him].” There is no indication that Waintraub intended for the devise to his children and the devise to his wife in Item 111(a) to be completely separate devises in which his children would receive certain property if his wife predeceased him that neither his children nor his wife would receive under Item 111(a) if she did not predecease him. As the respondents contend, Item 111(a) of the will is clearly one devise of Waintraub’s personal effects, with contingent beneficiaries. Waintraub’s intent in Item III (a) was to make his wife the primary beneficiary and his children the contingent beneficiaries of the objects listed in the first sentence in Item 111(a) of the will.
 

 We hold that the language of Item 111(a) of the will is unambiguous and that it clearly expresses Waintraub’s intent to give “all of [his] wearing apparel, jewelry, books, pictures, household furniture and furnishings, both useful and ornamental, any automobile that [he] may own, and all other objects of [his] personal use” to his children if his wife predeceased him. Item 111(a) of the will clearly expresses Wain-traub’s intent to exclude from that devise “cash on hand or on deposit, stocks, bonds, notes, evidences of debts, other choses in action, intangibles and all other property held for investment.” Therefore, the pro
 
 *1186
 
 bate court erred in entering a summary judgment in favor of Wells.
 

 Conclusion
 

 Based on the foregoing, we reverse the probate court’s judgment and remand this case for proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 COBB, C.J., and WOODALL, STUART, PARKER, and SHAW, JJ., concur.
 

 [1]
 

 . Lindsey Osborn Beasley and Kourtney Osborn Naish are Stocks's daughters and Joseph Waintraub's granddaughters.
 

 [2]
 

 . Alan M. Waintraub changed his name to Alan M. Wells in August 2006.